## Case No. 7,712.

### KENOSHA & R. R. CO. v. SPERRY.

[3 Biss. 309; [1] 16 Int. Rev. Rec. 148; 5 Chi. Leg. News, 37.]

Circuit Court, N. D. Illinois. July Term, 1872.

MORTGAGES—FORECLOSURE BY SCIRE FACIAS—DEFECTIVE ACKNOWLEDGMENT.

1. Under the statute of Illinois, scire facias does not lie to foreclose a mortgage not duly acknowledged.

2. The statute only applies to mortgages "duly executed and recorded."

3. Defects in acknowledgment cannot be cured, and where the requirements of the statute in these respects have not been fulfilled, it cannot be cured by testimony aliunde; nor does the statute making instruments not acknowledged or proved according to law, notice to subsequent purchasers or creditors, cure the defect. Rev. St. Ill. c. 24, § 28; Gross' St. 1872, p. 88.

[Cited in Hunt v. U. S., 10 C. C. A. 74, 61 Fed. 797.]

Demurrer to scire facias by the Kenosha & Rockford Railroad Company to foreclose a mortgage. The facts appear in the opinion.

Sleeper & Whiton, for plaintiff, cited 2 Gross' St. p. 91, § 42; Moore v. Titman, 33 Ill. 358; Reed v. Kemp, 16 Ill. 446; Ham-

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

ilton v. Doolittle, 37 Ill. 480; Deininger v. McConnel, 41 Ill. 227.

Winston, Campbell & Willard and M. C. Johnson, for defendant, cited Sess. Laws Ill. 1846–47, p. 37; Gross' St. (3d Ed.) p. 86, § 17; White v. Watkins, 23 Ill. 482; Woodberry v. Manlove, 14 Ill. 216; Marshall v. Maury, 1 Scam. 232; McFadden v. Fortier, 20 Ill. 515; Osgood v. Stevens, 25 Ill. 90; Carpenter v. Mooers, 26 Ill. 162; Mason v. Brock, 12 Ill. 273; Booth v. Cook. 20 Ill. 129; Holbrook v. Nichol, 36 Ill. 163; Choteau v. Jones, 11 Ill. 321.

BLODGETT, District Judge. The main ground of demurrer is that the scire facias does not show that the mortgage was duly acknowledged. No seal was affixed to the certificate of acknowledgment which purports to have been taken before a notary public. The statute of this state, section 23 of chapter 57 of the Revised Statutes of 1845, in force at the time this mortgage was executed, provides that "if default be made in the payment of any sum of money secured by mortgage on lands and tenements, duly executed and recorded, and if the payment be by installments. and the last shall have become due, it shall be lawful for the mortgagee, his executors, or administrators, to sue out a writ of scire facias from the clerk's office of the circuit court," etc.

It is objected that this mortgage is not duly executed and recorded. By the 16th section of chapter 24 of the Revised Statutes of 1845, it is provided that "deeds and instruments of writing for the conveyance of real estate, in this state, or any interest therein, whereby the rights of any person may be affected in law or equity, before they shall be entitled to record, shall be subscribed by the party or parties thereto, in proper person, and acknowledged or proved before one of the following officers, to-wit: When acknowledged or proved within this state, before any judge, justice, or clerk of any court of record in this state. having a seal; any mayor of a city, notary public, or commissioner, authorized to take the acknowledgment of deeds, having a seal, or any justice of the peace." Section 18 provides that "deeds and other conveyances of real estate, executed and acknowledged or proven in proper form in this state, before any judge or justice of the supreme or circuit courts, or before any court or officer having a seal, and attested by such seal, shall be entitled to record without further attestation."

There can be no doubt but that the failure of the notary public to affix his seal is fatal, so far as the certificate of acknowledgment is concerned. The notary public's certificate goes for naught without an authentication by his seal, and the mortgage stands upon the record as though no acknowledgment had been made.

A scire facias is a proceeding or writ founded on some matter of record, and the rule is, without exception so far as my examination goes, that the record must be complete in itself, and no testimony is admissible aliunde, for the purpose of making out a case. The object of the proceeding. though strictly statutory, is to vivify or vitalize what otherwise would lie dormant upon the record. A party gives a mortgage to secure the payment of money. In order to enforce that mortgage, prior to the enactment of this statute, the mortgagee must resort to a court of equity, or to his action of ejectment, to obtain possession of the property. But this statutory remedy comes in and allows him to vitalize the record, so to speak, where the mortgage has been duly executed and recorded, by a proceeding under the writ of scire facias. Now the question arises, what is an instrument duly executed and recorded? The extracts I have read from the statutes show clearly that in order to entitle an instrument to record, it must be acknowledged in the manner pointed out by statute. An instrument cannot be said to be duly acknowledged unless it is acknowledged in conformity with the provisions of the law, as indicated.

It is objected, however, to this view of the case, that, by the 28th section of the same chapter, from which I have read extracts, it is further provided that "deeds, mortgages and other instruments of writing, relating to real estate, shall be deemed, from the time of being filed for record, notice to subsequent purchasers and creditors, though not acknowledged or proven according to law; but the same shall not be read as evidence, unless their execution be proved in manner required by the rules of evidence applicable to such writings. so as to supply the defects of such acknowledgment or proof."

Now, this provision of the statute simply makes the deed or instrument, if recorded, notice to a subsequent purchaser or creditor; but it does not make a valid and complete record. because the record cannot be read in evidence without supplementary proof. The record is, therefore, incomplete, and the plaintiff cannot introduce his mortgage in evidence to sustain his writ of scire facias, without introducing with it evidence of the due execution of the instrument, in the manner required by law. It is as if no acknowledgment had been made, and it seems to me that the case is not brought within the provisions of the statute authorizing a proceeding under scire facias, because the instrument cannot be said to be duly executed and recorded unless it is so acknowledged as to entitle it to record, and so as to entitle the record to be read in evidence without further proof. We all know that many of the officers entrusted with the duty of recording instruments are not skilled in passing upon the sufficiency of acknowledgments, and

therefore many instruments have crept upon the records which were not duly acknowledged; and this statute was passed, I think, in 1836 or 1837, probably for the purpose of protecting the rights of innocent purchasers who had placed their instruments upon record without having strictly complied with the laws in reference to acknowledgments; but I cannot conceive that this section of the statute repeals the preceding extracts which I have read, providing that an instrument, in order to be entitled to record, must be acknowledged in the manner pointed out. Therefore, I think scire facias cannot be maintained upon this instrument.

The demurrer will be sustained.